SANTE FUNARI, PETITIONER-DEFENDANT, v. STANDARD SANITARY MANUFACTURING COMPANY, DEFENDANT-PROSECUTOR.

Submitted October 25, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the prosecutor, *Wall, Haight, Carey & Hartpence.*

For the defendant, *Donald R. Bryant.*

PER CURIAM.

This is a writ of *certiorari* to review a judgment of the Mercer County Court of Common Pleas in a compensation case. Petitioner was injured by an accident arising out of and in the course of his employment by defendant on October 27th, 1931. He suffered a strain of the lower region of the back while lifting a heavy mould. An arthritic condition also exists which is said to have been aggravated by the accident.

A petition for compensation was filed and a hearing held resulting in an award for petitioner against defendant of twenty per cent. of total permanent disability. This amount was paid. In 1933 a petition was filed claiming an increase in disability and the proceedings under this petition are those brought up for review.

The defendant sought to show that the petitioner had suffered two injuries prior to the one in 1931, one in 1926 and the other in 1929, while in the employ of Thomas Maddocks Sons Company, the predecessor of defendant in the operation

of the factory where petitioner was employed, and that his present condition is attributable to these older accidents rather than to the one in 1931. Both the lower tribunals found against defendant on this question as a matter of fact, and this finding has support in the evidence.

It is urged that there was no increase of disability. As stated, the award in 1932 was for twenty per cent. The present award is for sixty-five per cent. Doctors for petitioner testified to a disability of eighty per cent. and from eighty-five per cent. to ninety per cent. One physician for prosecutor admitted a disability of fifty per cent. and another forty per cent. The evidence supports a finding of sixty-five per cent. and this finding, therefore, should not be disturbed.

The other points urged need no detailed discussion. It is argued that "payment in error is not estoppel to deny accident while in employ of prosecutor." Here prosecutor cites cases to the effect that payments in compromise of disputed claims are no bar to a denial of liability when a petition is filed and a formal award is sought, but in the instant case there was a trial and an award from which no appeal was taken, which is a quite different situation.

It is stated that the present proceedings amount to a retrial of old issues on another basis, but this is not the situation. It was a simple claim for an increase of disability.

Complaint is made of the allowance of medical expenses but no authority is cited for the position taken.

Prosecutor suggests that the petition for rehearing was not filed in time, but this point was not raised in the trial court. In fact, not only did prosecutor fail to object to the reopening of the case, but it also asked for a rehearing, seeking to have the scope of the rehearing widened for the purpose of showing the injuries were due to the earlier accidents.

The writ is discharged, with costs.